|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |
| WESTERN DIVISION | |

| | |
|---|---|
| JOSE DE LA TORRE ORTIZ, | Case No. 2:17-cv-06243-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jose De La Torre Ortiz ("Plaintiff") filed a Complaint on August 23, 2017, seeking review of the Commissioner's denial of his application for disability insurance benefits ("DIB"). The parties filed consents to proceed before the undersigned Magistrate Judge. In accordance with the Court's Order Re: Procedures in Social Security Appeal, the parties filed a Joint Stipulation ("Jt. Stip.") on June 8, 2018, addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

# I.
# BACKGROUND

On October 30, 2013, Plaintiff applied for DIB, alleging disability beginning August 30, 2013. Administrative Record ["AR"] 29. After his application was denied initially (AR 70), and on reconsideration (AR 81), Plaintiff requested an administrative hearing, which was held on January 21, 2016. AR 43, 45, 100. Plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ"), as did Dr. Joselyn Bailey, a medical expert ("ME"), and Alan Cummings, a vocational expert. AR 45-61.

On February 16, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 29-37. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 31. The ALJ determined that Plaintiff suffered from the following severe impairments: gastritis, gastroesophageal reflux disease, anxiety disorder, and depressive disorder. AR 31. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 32. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to work, but with the following limitations: Plaintiff could (1) lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently; (2) stand and walk for about six hours out of eight; and (3) sit for about six hours out of eight. Id. The ALJ also found that Plaintiff should avoid all exposure to hazards, such as operating dangerous machinery and unprotected heights, and requires a work environment free of fast-paced production requirements. Id. The ALJ determined that Plaintiff was unable to perform his past relevant work as a sanding machine operator, and that he was closely approaching advanced age on the alleged onset date. AR 36. The ALJ also found that Plaintiff could not communicate in English and therefore is considered in the same fashion as an individual who is illiterate. AR 36.

Considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded he was capable of performing jobs that exist in significant numbers in the national economy, including: packager (Dictionary of Occupational Titles ["DOT"] 920.587-018); assembler (DOT 806.684-010); and cleaner (DOT 381.687-018). AR 36-37. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. AR 37.

On June 23, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3. This action followed.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences

3

reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.
## DISCUSSION

The parties present five disputed issues (Jt. Stip. at 3)[1]:

Issue No. 1: Whether the ALJ properly found Plaintiff partially credible;

Issue No. 2: Whether the ALJ conducted a proper analysis at step three;

Issue No. 3: Whether the ALJ erred by failing to summarize and weigh evidence of chronic pain;

Issue No. 4: Whether the RFC is defective because the ALJ failed to address all the limitations related to Plaintiff's anxiety and depression; and

Issue No. 5: Whether the ALJ erred in evaluating medical opinions.

**A.  Plaintiff's subjective symptom testimony**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's

---

[1] The Court has reordered the issues as presented by the parties because they are interrelated and dependent on a proper determination of the first issue.

4

testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 404.1529(a). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).[2]

During the administrative hearings, Plaintiff testified that he is 55 years old, cannot read or write English, and has a sixth grade education. AR 51, 57. He worked for 22 years operating machines and metal grinders at a company, but he stopped in 2013 when his doctor "put [him] on Disability." AR 52, 54-55. He lives in an apartment with a woman who helps him with his daily activities. AR 51. He can assist with grocery shopping, but he cannot clean the apartment, cook, do his own laundry, or drive. AR 51, 55-56. He is limited to sitting for only 20 to 30 minutes, and standing for about 20 minutes. AR 52. He can walk two to three blocks before he experiences shortness of breath,

---

[2] After the ALJ's decision, SSR 16-3p went into effect. See SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). SSR 16-3p provides that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." Id. Moreover, "[i]n doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character" and requires that the ALJ consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. Id.; Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (as amended). Thus, the adjudicator "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." SSR 16-3p, 2016 WL 1119029, at *10.

asphyxiation, and gassiness. AR 52-53. He also experiences anxiety, nervousness, panic, poor concentration, forgetfulness, and he has phobias. AR 53, 56-57. His condition makes him feel like he is choking. AR 53. He cannot be around people without feeling anxious, desperate, and like he should flee. AR 57. He also has to lay down regularly on the sofa. AR 55. He is being treated for his mental health condition with medication. AR 53.

In the decision, the ALJ summarized a portion of Plaintiff's subjective allegations, and determined Plaintiff's "severe impairments can reasonably be expected to cause some functional limitations," but "the extent of his alleged symptoms and functional restrictions are only partially credible as the medical records do not support the alleged severity of his symptoms." AR 33. The ALJ then proceeded to summarize the medical evidence of record, fashion the RFC, and make his non-disability determination. AR 33-36. As explained below, the Court finds the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's testimony.

Preliminarily, the Court disagrees with Defendant that the ALJ found Plaintiff's daily activities undermined his credibility. Jt. Stip. at 37-38. The footnote cited by Defendant explains the ALJ's finding that Plaintiff had "mild" limitation in social functioning, in part because Plaintiff could use public transportation, go out alone, and attend church. Id. at 38, citing AR at 35 n.2. The ALJ did not specifically indicate this as a reason for doubting Plaintiff's credibility; rather he examined the factor "[i]n formulating the mental aspects of the [RFC.]" AR 34.[3] Even if it could be gleaned from the decision that the ALJ relied on those daily activities to discount Plaintiff's

---

[3] Plaintiff contends that the ALJ's mention of daily activities was taken from the analysis of the "paragraph B" sections of listing 12.00, in the ALJ's determination of whether Plaintiff met and/or equaled a listing at step three. See Jt. Stip. at 39.

6

testimony, the finding is insufficient. The ability to engage in such meager activities has been found unpersuasive in discounting subjective symptom testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Goodman v. Berryhill, 2017 WL 2610043, at *11 (W.D. Wash. June 16, 2017) (ALJ improperly discounted credibility based on claimant's ability to go outside alone, use public transportation, and attend church, among other activities, because it was "unclear how these rather basic, low-stress activities, which [claimant] ha[d] the flexibility to perform on her own schedule, necessarily undermine[d] her testimony"). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014). "[O]nly if [her] level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." Id.

Moreover, the ALJ failed to make any finding as to the transferability of his minimal activities to the workplace. (Jt. Stip. at 13-14; AR at 35 n.2); see Martinez v. Berryhill, 721 F. App'x 597, 600 (9th Cir. 2017) (ALJ improperly "discounted [claimant]'s testimony based on her daily activities . . . [without] support[ing] the conclusions as to the frequency of those activities or their transferability to the workplace."); Orn, 495 F.3d at 630 (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination"); Goodman, 2017 WL 2610043 at *11.

The only articulated reason for finding Plaintiff only partially credible was "the medical records do not support the alleged severity of his symptoms." AR 33.[4] This is insufficient for two reasons. First, the Ninth Circuit has found that such a finding finding, followed by a summary of the evidence, is inadequate to support a finding upon review. See Brown-Hunter, 806 F.3d at 494 (credibility determination insufficient when ALJ "simply state[s] her non-credibility conclusion and then summarize[s] the medical evidence").

Second, because the ALJ did not provide any other clear and convincing reason for discounting Plaintiff's subjective complaints, reliance on the lack of objective evidence alone is not a sufficient basis for the ALJ's credibility determination. See Rollins, 261 F.3d at 856-57; Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony); Dschaak v. Astrue, 2011 WL 4498835, at *1 (D. Or. Sept. 27, 2011) ("[O]nce the[] other bases for the ALJ's decision were discarded as erroneous, the ALJ's credibility determination could not rely solely on conflicts with the medical evidence.").

The Commissioner contends that the ALJ also relied on Plaintiff's response to mental health treatment. (Jt. Stip. 37.) However, the ALJ did not specifically delineate that as a reason in discounting Plaintiff's subjective symptoms. The Court is "constrained to review the reasons the ALJ asserts" and may not affirm the decision of the Commissioner on a ground the ALJ did not invoke in reaching her decision. Connett v. Barnhart, 340 F.3d 871, 874

---

[4] Later in the decision, the ALJ noted the ME's testimony that Plaintiff's subjective complaint that he needed to lay down was "objectively supported by the record." AR 35. However, the ALJ thereafter concluded the record did not support the complaint and determined that the ME and another doctor did not provide any "specific, objective explanation" for why Plaintiff would need to lie down. Id.

8

(9th Cir. 2003); Orn, 495 F.3d at 630. Although the ALJ mentioned that some records showed improvement in response to mental health medication, those notations appear in the summary of the evidence and are not tethered to any specific testimony. AR 34. Without any attempt to explain how Plaintiff's treatment reflected unfavorably on specific testimony, the finding does not allow for meaningful review. Brown-Hunter, 806 F.3d at 492 (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review").

Accordingly, the ALJ did not provide specific, clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony. In this instance, the Court cannot conclude that the ALJ's error was harmless. See, e.g., Brown-Hunter, 806 F.3d at 492-93 (ALJ's failure adequately to specify reasons for discrediting claimant testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [Plaintiff's] testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006).

**B.      Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a

determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, the Court concludes remand for further proceedings is warranted. The resolution of Plaintiff's credibility affects other issues raised in the Joint Stipulation. Plaintiff notes in Issue Nos. 3 and 5 that the ALJ discounted the ME and another doctor in part because they took Plaintiff's subjective allegations into account when rendering opinions. Jt. Stip. at 9, 19-20; AR 35. Thus, a remand will allow the ALJ to reconsider those determinations, and the objective evidence Plaintiff contends supported his testimony and the opinions. Jt. Stip. at 9-10, 19-20. Moreover, as mentioned, Plaintiff contends that the daily activities relied on by Defendant were merely a part of the step three determination challenged in Issue 2. Jt. Stip. at 39. Finally, Plaintiff's credibility necessarily affects his RFC, challenged in Issue No. 4. See e.g., Vaughn v. Berryhill, 242 F. Supp. 3d 998, 1010 (E.D. Cal. 2017) (dispensing of exhaustive analysis of plaintiff's remaining issues because "[t]he ALJ's . . . evaluations of [p]laintiff's credibility . . . are inescapably linked to conclusions regarding the medical evidence"); Alderman v. Colvin, 2015 WL 12661933, at *8 (E.D. Wash. Jan. 14, 2015) (remanding in light of interrelated nature of ALJ's decision to discount claimant's credibility and give appropriate consideration to physician's opinions).

Because it is unclear, in light of these issues, whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495; Bunnell, 336 F.3d at 1115-16. The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

Accordingly, on remand, the ALJ shall reassess Plaintiff's subjective complaints, and then reassess Plaintiff's RFC in light of the subjective

symptom testimony and proceed through the remaining steps of the disability analysis to determine what work, if any, Plaintiff is capable of performing that exists in significant numbers.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: July 31, 2018

_____
JOHN D. EARLY
United States Magistrate Judge